[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10142
Non-Argument Calendar
_____

D.C. Docket No. 6:13-cr-00118-GAP-TBS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PATRICK HYMON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 21, 2014)

Before JORDAN, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Patrick Hymon appeals his 180-month sentence, imposed after he pleaded guilty to possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e)(1). On appeal, Hymon argues the district court violated his Fifth and Sixth Amendment rights by enhancing his sentence, pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), based on prior convictions that were not charged in the indictment nor proven beyond a reasonable doubt.[1] *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998), held that the fact of a prior conviction is not an "element" of the crime that must be charged in the indictment and proven beyond a reasonable doubt. Therefore, the district court did not err in enhancing Hymon's sentence. Accordingly, we affirm.

**AFFIRMED.**

---

[1] We review constitutional sentencing issues de novo. *United States v. Steed*, 548 F.3d 961, 978 (11th Cir. 2008).